# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:08CR36

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| ) | |
| RODREQUIS ARMANI COUNCIL ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's motion to dismiss the indictment herein. For the reasons stated below, Defendant's motion is denied.

## I. FACTUAL AND PROCEDURAL HISTORY

In February 2008, Defendant allegedly robbed the Time Out Market, a convenience store in Waynesville, North Carolina. Based on this event, he was indicted on one count of interfering with commerce by robbery in violation of 18 U.S.C. § 1951(b)(3), and one count of using and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). **Bill of Indictment, filed April 1, 2008, at 1-2.** State

charges for armed robbery are also pending against Defendant in Haywood County. **See Motion to Dismiss Bill of Indictment, filed June 16, 2008, at 13.** Defendant's federal trial is scheduled for this Court's July term. On June 16, 2008, Defendant moved for dismissal of his indictment, arguing that 18 U.S.C. § 1951 is unconstitutional.[1] *Id.* **at 2-13.**

## II. ANALYSIS

Title 18 U.S.C. § 1951, known as the Hobbs Act, provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty-five years, or both.

**18 U.S.C. § 1951(a).** The statute also defines "commerce" as, essentially, interstate commerce.

The Commerce Clause in Article I, Section 8 of the Constitution gives Congress plenary authority to regulate (1) "the use of the channels of interstate commerce," (2) "the instrumentalities of interstate commerce, or

---

[1] Section 924(c)(1)(A) prohibits using a firearm "in relation to an crime of violence . . . for which the person may be prosecuted in a court of the United States." Thus if Defendant's first charge is dismissed, the firearms charge, as well, will no longer be viable.

persons or things in interstate commerce, even though the threat may come only from intrastate activities," and (3) "those activities having a substantial relation to interstate commerce." **United States v. Lopez, 514 U.S. 549, 558-59 (1995).** "Congress exercised the full extent of this authority in the Hobbs Act, which 'speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by . . . robbery or physical violence. The Act outlaws such interference 'in any way or degree.'" ***United States v. Williams*, 342 F.3d 350, 354 (4th Cir. 2003) (quoting *Stirone v. United States*, 361 U.S. 212, 215 (1960)).**

The Act "does not require proof that a defendant intended to affect commerce or that the effect on commerce was certain; it is enough that such an effect was the natural, probable consequence of the defendant's actions." *Id.* Also, because of the breadth of § 1951's language, the Fourth Circuit, along with many other circuits, has "found the Hobbs Act to apply whenever the instant offense has at least a 'minimal' effect on interstate commerce." *Id.* **(quoting *United States v. Spagnolo*, 546 F.2d 1117, 1119 (4th Cir. 1976); see also *United States v. Marrero*, 299 F.3d 653, 654-56 (7th Cir. 2002); *United States v. Jamison*, 299 F.3d 114, 118**

(2d Cir. 2002); *United States v. Smith*, 182 F.3d 452, 456 (6th Cir. 1999); *United States v. Robinson*, 119 F.3d 1205, 1208 (5th Cir. 1997); *United States v. Castleberry*, 116 F.3d 1384, 1387 (11th Cir. 1997); *United States v. Atcheson*, 94 F.3d 1237, 1241-43 (9th Cir. 1996). The Fourth Circuit reaffirmed the so-called "minimal effects standard" as recently as last year. *United States v. Ware*, 230 F. App'x 249, 253 (4th Cir. 2007) ("Although Ware maintains that a substantial effect on interstate commerce must be shown for a robbery to be prosecuted under the Hobbs Act, we have consistently recognized otherwise, holding that a 'minimal effect' is sufficient.").

Defendant concedes that the minimal effects standard is the controlling precedent in this jurisdiction. **Motion to Dismiss,** *supra*, **at 2 n.1 (acknowledging that Fourth Circuit law may "foreclos[e] this issue").** Nonetheless, he argues that the minimal effects standard violates *Lopez*, which holds that "Congress may not 'use a relatively trivial impact on commerce as an excuse for broad general regulation of state or private activities.'" *Id.* at 4 (quoting *Lopez*, 514 U.S. at 558). According to Defendant, the circuit courts' broad reading of § 1951 unconstitutionally permits the Government to obtain a conviction even when it can only

prove, "at best, a trivial impact on interstate commerce." *Id.* "The same test," Defendant maintains, "would also allow prosecutions where a robbery involved a popsicle, a pack of gum, or a dime." *Id.*

Defendant's argument, however, is misplaced. The Eleventh Circuit has noted that the Hobbs Act was designed specifically to "regulate[] general conduct – robberies and extortion – which *in the aggregate* affects commerce substantially." **United States v. Guerra, 164 F.3d 1358, 1361 (11th Cir. 1999) (emphasis added).** Because the focus is on the *aggregate* effects, "an *individual* defendant's conduct need not substantially affect commerce" in order to incur liability under § 1951. **Id. (emphasis added).** Accordingly, the *Guerra* Court concluded that the Hobbs Act could be applied to a defendant who robbed an Amoco service station and absconded with about $300.00 in cash. **Id.; see also United States v. Paredes, 139 F.3d 840, 841-45 (11th Cir. 1998) (holding that a total of $170.00 taken from two local stores was sufficient to meet § 1951's jurisdictional requirement).** The facts of *Guerra* and *Paredes* are quite similar to those in this case where Defendant is accused of stealing $209.81 from a convenience store. While it is perhaps arguable whether the theft of some $200.00 in cash significantly affects interstate commerce,

it is not arguable that armed robberies of convenience stores and other retail establishments have a considerable aggregate effect on interstate commerce. For these reasons, the undersigned believes that the minimal effects standard – as set forth in *Williams*, *Ware*, and their ilk – fully accords with *Lopez* . Moreover, the minimal effects standard is a well-settled principle in the Fourth Circuit and, therefore, is binding on this Court. Accordingly, Defendant's motion has no merit.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss his indictment is hereby **DENIED**.

Signed: June 23, 2008

Lacy H. Thornburg
United States District Judge